## . Estes *v.* The State.

140   151
141   58

*Indictment for selling Vinous, Spirituous or Malt Liquors contrary to Law.*

1. *Evidence; admissibility of writing to impeach witness.*—In the trial of a criminal case, where a note purporting to have been written by the defendant and which the evidence tends to show was written by a witness for the defendant, who had testified in conflict with the State's witness as to the defendant's guilt, and further that he did not write the note, is admissible in evidence as tending to show interest on the part of said witness, and as tending to discredit him as a witness.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. J. A. BILBRO.

The appellant in this case, Robert Estes, was indicted, tried, and convicted for selling vinous, spirituous or malt liquors without a license and contrary to law..

On the trial of the case Jim Rosson, a witness, testified to having purchased whiskey from the defendant in Jackson county on Sunday night, August 26, 1902.

George Coffee, a witness for the defendant, testified that he was with the witness Rosson up to 11 or 12 o'clock on the Sunday night said Rosson testified to having purchased the whiskey from the defendant; that Rosson left him at no time long enough to have gone to the defendant's house and gotten whiskey. On the cross-examination of this witness, George Coffee, he was shown a note which purported to have been written by

the defendant to the witness, Jim Rosson, in which the witness Rosson was told what to say when he went before the grand jury. The solicitor then asked the witness Coffee if he wrote that note and sent it to the witness Rosson? The witness answered that he did not; that the note was not in his handwriting, and that he did not give it to Will Rouse, a negro trusty at the jail, and tell him to give it to Jim Rosson. The State then introduced Will Rouse and the sheriff, who testified that the note in question was given by George Coffee to Will Rouse who gave it to the sheriff. There were other witnesses introduced who testified that the note was in the handwriting of the witness Coffee. The State then offered to introduce said note in evidence. The defendant objected to its introduction on the ground that it was not legal evidence against the defendant and not legal evidence for any purpose. The court overruled the objection and allowed the note in evidence, and to this ruling the defendant duly excepted. The grounds on which the court allowed the note to be introduced in evidence, and the instructions of the court to the jury in reference thereto, are set forth in the opinion.

WILHOYTE & NATHAN, for appellant.

MASSEY WILSON, Attorney-General, for the State, cited *Polk v. State,* 62 Ala. 237; *England v. State,* 89 Ala. 76.

HARALSON, J.—There was no error in admitting in evidence the note purporting to have been written by defendant. The evidence tended to show that it was written by the witness, Coffee, who had testified in contradiction of the State's witness, Rosson, and that he had not written the note. The defendant objected to its introduction on the ground that the note was not legal evidence, the court overruled the objection, and allowed said note to be introduced, "on the ground that it was proper for the consideration of the jury, as tending to show interest on the part of the witness, Coffee, and as tending to discredit him as a witness, if the jury should

[Gober *et al.* v. The State.]

believe, from the evidence, that said Coffee wrote the note." The court further guarded the introduction of the note, by stating to the jury, that if "they believed it was written by Coffee, it was not to be considered as evidence against the defendant, or as tending in any way to show his guilt."

We find no error in the rulings of the court.

Affirmed.